## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CLIFFORD PHILLIPS, ET AL** | **CASE NO. 3:19-CV-01447** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MEDICAL DEVICE BUSINESS SERVICES, INC., ET AL.** | **MAG. JUDGE KAYLA MCCLUSKY** |

### RULING

Pending here is a Motion for Partial Summary Judgment filed by Plaintiffs Clifford Phillips and Linda Bailey Phillips ("Plaintiffs") [Doc. No. 25].  Plaintiffs seek judgment as a matter of law (1) that their action under Louisiana law in redhibition has not been preempted by federal law, and, (2) that they are entitled to recover nonpecuniary damages.

Pending also is a Cross Motion for Summary Judgment filed by Defendants Medical Device Business Services, Inc. ("MDBS") and DePuy Synthes Sales, Inc. ("DePuy") (collectively "Defendants") [Doc. No. 27].[1]  Defendants seek judgment as a matter of law dismissing all of Plaintiffs' claims on the grounds that there is a complete lack of proof of (1) a defect, or, (2) causation.  In the alternative, Defendants seek judgment as a matter of law limiting Plaintiffs' damages under Louisiana law of redhibition,

For the following reasons, the Court GRANTS Defendants' Cross Motion for Summary Judgment and DENIES Plaintiffs' Motion for Partial Summary Judgment as moot.  Plaintiffs' claims are DISMISSED WITH PREJUDICE.

---

[1] **Defendant Johnson & Johnson had joined in the Cross Motion for Summary Judgment; however, after the Cross Motion was filed, the parties jointly moved to voluntarily dismiss all claims against Johnson & Johnson, and the Court has granted the motion [Doc. Nos. 37, 40].  Therefore, Johnson & Johnson's request for summary judgment is moot.**

I.      **FACTS AND PROCEDURAL HISTORY**

On March 15, 2016, Plaintiff Linda Bailey Phillips ("Ms. Phillips") underwent

implantation of an artificial knee device into her right leg, performed by Dr. David Trettin ("Dr.

Trettin") at Glenwood Hospital in Monroe, Ouachita Parish, Louisiana.  Ms. Phillips was

implanted with a DePuy P.F.C. Sigma Rotating Platform Knee (the "RP Knee").  When

implanting the RP Knee, Dr. Trettin used DePuy's SmartSet GHV bone cement (the "SmartSet

cement") and DePuy's computer-assisted navigation system (the "CAS").

After the implantation, Ms. Phillips, then seventy years old, began to have problems with

her new knee.  In November of 2018, Ms. Phillips was seen by Dr. Timothy Randell, ("Dr.

Randell"), an orthopedic surgeon in Alexandria, Louisiana.  Dr. Randell determined that Ms.

Phillips needed a "revision" of her right knee implant surgery, whereby the first artificial knee

would be removed and replaced with a different artificial knee.

On February 12, 2019, Dr. Randell performed the revision surgery.  Plaintiffs allege that,

"[u]pon removing the original 'Sigma' knee from Linda Phillips' right leg, Dr. Randell found

complete failure of the 'Smartset GHV Gentamicin 40G' bone cement used to bond the device

with the tibial or lower component of the device." [Doc. No. 25, p. 2-3]. Dr. Randell replaced the

RP Knee with a new knee implant device.

Plaintiffs contend that, despite implantation of a new knee, Ms. Phillips did not recover

full use of her right leg and continues to suffer limitation of motion, loss of strength,

inconvenience and mental distress associated with loss of use.

On September 27, 2019, Plaintiffs filed this lawsuit in the Fourth Judicial District Court

for Ouachita Parish, Louisiana, seeking damages allegedly arising from the use of the RP Knee,

the SmartSet cement, and the CAS system.  Plaintiff Clifford Phillips ("Mr. Phillips") filed a derivative claim for loss of consortium. Defendants removed the lawsuit to this Court on November 6, 2019 [Doc. No. 1].

On March 4, 2021, Plaintiffs filed their Motion for Partial Summary Judgment [Doc. No. 25].  Defendants have filed an opposition [Doc. No. 28].  Plaintiffs have filed a reply to the opposition [Doc. No. 39].

On March 23, 2021, Defendants filed their Cross Motion for Summary Judgment [Doc. No. 27].  Plaintiffs have filed an opposition [Doc. No. 41].  Defendants have filed a reply to the opposition [Doc. No. 42].

The motions have been thoroughly briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if

the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

**B.      Analysis**

The Court will first address Defendants' Cross Motion for Summary Judgment because a ruling in favor of Defendants will render Plaintiffs' Motion for Partial Summary Judgment moot.

**1.      Defendants' Cross Motion for Summary Judgment**

Plaintiffs have filed suit pursuant to the Louisiana law of redhibition.  To support a claim for redhibition, Plaintiffs must prove that there is a hidden defect (1) that renders the product "absolutely useless for its intended purposes or that its use is so inconvenient that it must be supposed that [t]he [buyer] would not have bought it had [s]he known of the defect; (2) that the defect existed at the time [s]he purchased the thing, but was neither known or apparent to [her]; (3) that the seller was given the opportunity to repair the defect." *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 699 (5th Cir. 2007); La. Civ. Code art. 2520. Plaintiffs must also prove that the redhibitory defect was the legal cause of her injuries. *Alston*, 480 F.3d at 699.

In their Complaint, Plaintiffs alleged there was a manufacturing defect in the DePuy

Sigma knee system, comprised of the RP Knee, the SmartSet cement, and the CAS.  However, in

their Motion for Partial Summary Judgment, Plaintiffs have identified the SmartSet cement as

the product purportedly containing the defect.

### a.    Defendants' Contentions

Defendants assert that, prior to the filing of their Motion for Partial Summary Judgment

on March 4, 2021, and despite Defendants' discovery requests and the passing of expert report

deadlines, Plaintiffs failed to identify which product was purportedly defective, what component

of the product was purportedly defective, how it was defective, or how any purported defect was

a redhibitory defect.  Defendants further assert that Plaintiffs responded to discovery stating that

they were "not sure why the product failed, but the failure occurred at a time and in a fashion that

would permit [Plaintiffs] to presume the failure was due to manufacturer's defects in the

product." [Doc. No. 27-4, Disc. Resp. No. 16]. Plaintiffs' deadline to produce expert reports was

February 7, 2021, after two extensions of expert deadlines. However, Plaintiffs have not

provided any expert reports.

Defendants further contend that, although Plaintiffs have now identified the SmartSet

cement as the product purportedly containing the defect, they have not identified the defect itself.

In Plaintiffs' own words, "Plaintiffs simply allege that the specific DePuy Smart Set [sic] bone

cement Lot No. 8118893 purchased by her from DePuy and used on Linda's right knee was

defective in some fashion." [Plaintiffs' Mtn. Summ. J., Doc. No. 25, p.16]

Defendants state that Plaintiffs' sole claim is a redhibition claim for a redhibitory defect,

which Plaintiffs have never identified. Without proof—expert or otherwise—of any redhibitory

defect, Plaintiffs merely assert that the lot (or "batch") of bone cement used in Plaintiff Linda

Phillips' knee replacement surgery "was defective in some fashion." [*Id*.]. Because Plaintiffs have no proof of any defect, redhibitory or otherwise, Defendant argue that Plaintiffs cannot meet their burden on the first element of a claim of redhibition.

Additionally, Defendants contend that Plaintiffs' claim fails because they have no proof of legal causation. Because Plaintiffs lack evidence on the basic elements of their claim, Defendants assert they are entitled to summary judgment.

### b.      Plaintiffs' Contentions

Plaintiffs respond that they do not have to prove a redhibitory defect because it may be inferred.  Citing  *Crawford v. Abbott Automobile Co*, 157 La. 59, 101 So. 871 (1924), Plaintiffs assert that Louisiana courts have consistently held for a hundred years that a court may infer a redhibitory defect from the fact that the object of the sale failed in normal use and failed to achieve its intended purpose, absent evidence of some external, intervening cause. Plaintiffs further assert that the existence of a redhibitory defect may be inferred from the unfitness of the thing in ordinary use, or its failure in normal use.  Plaintiffs contend that the buyer does not have the burden to prove some specific cause of the defect, nor is he required to negate other conceivable causes for the defective performance of the object.

Plaintiffs argue that, in *Justiss Oil Co., Inc. v. Oil Country Tubular Corp*., 2015-1148 (La. App. 3 Cir. 4/5/17), writ denied, 2017-0747 (La. 10/9/17), 227 So. 3d 830, the Court, in essence, held that a plaintiff in redhibition need not allege and prove a specific defect nor does the plaintiff need to prove why the object of the sale failed or was useless for its intended purpose, only that it failed in normal use under circumstances which reasonably exclude any other reason for failure. In *Justiss*, supra, the Court of Appeal cited as good law *Young v. Ford Motor Co*., 595 So. 2d 1123 (La. 1992), in which the Louisiana Supreme Court said:

> A buyer of an automobile who asserts a redhibition claim need not show the particular cause of the defects making the vehicle unfit for the intended purposes, but rather must simply prove the actual existence of such defects. *Crawford v. Abbott Automobile Co*, 157 La. 59, 101 So. 871 (1924). Multiple defects can collectively form the basis of a redhibitory action even though many of the defects are minor or have been repaired. *Cangelosi v. McInnis Peterson Chevrolet, Inc*., 373 So.2d 1346 (La. App. 1stCir.1979); *Perrin v. Read Imports, Inc*., 359 So.2d 738 (La. App. 4th Cir.1978).

*Young*, at p. 1126.

Plaintiffs additionally state that in *Moreno's, Inc. v. Lake Charles Cath. High Sch., Inc*., 315 So. 2d 669 (La. 1975), the Louisiana Supreme Court said:

> In a redhibitory action, the plaintiff need only prove that the product contained a hidden vice at the time of the sale, not apparent by ordinary inspection, which subsequently renders the thing unfit for the use intended or that its use became so inconvenient or imperfect that it must be supposed that the purchaser would never have purchased the product had he known of the vice or defect.
> . . .
>
> It is not incumbent upon the buyer to seek out, allege, and prove the particular and underlying cause of the defect which makes the thing sold unfit for the purpose intended, particularly when the thing is a complicated piece of machinery; but it suffices if he alleges and afterwards proves as a fact that such defects exist.

*Moreno*, at p. 662.

Plaintiffs further contend that in order to make out a *prima facie* case of redhibitory defect, they must only provide supported allegations of (1) a sale, (2) of an item intended for a specific purpose, (3) that the item was unfit for that intended purpose, failing in normal use and (4) the absence of any credible evidence of intervening cause. In short, Plaintiffs contend they do not need to prove why the Smart Set cement failed, only that it failed in normal use, was unfit for its intended purposes, and there are no credible allegations of intervening event or force, which could have caused the failure.

With regard to Defendants' argument that Plaintiffs have produced no proof of causation, or no proof that defects in the Smart Set cement caused failure of the knee, Plaintiffs assert that Ms. Phillips has alleged from the beginning that the DePuy Sigma knee assembly, including the DePuy Smart Set cement, which was manufactured and sold by Defendants, failed in normal use, rendering her right leg essentially useless. Plaintiffs further assert that Defendants offered no rebuttal of Linda Phillips's testimony that her knee failed within two months of implantation, and that she has been unable to achieve normal function of her right leg since; that Defendants offer no rebuttal of Dr. Randell's testimony that the Sigma knee failed in normal use because of a cement failure; and that Defendants have offered no rebuttal of the testimony of both Dr. Trettin and Dr. Randall that there is no evidence of intervening cause, event or failure on Dr. Trettin's part to follow proper procedures in the implantation of the Sigma knee.

Plaintiffs assert that their evidence of causation is uncontroverted and that Clifford and Linda Phillips have pled and offered substantial evidence to support their claim in redhibition. They argue that there is a presumption that when the DePuy Sigma knee and the DePuy Smart Set cement Lot No. 8118893 failed to perform its intended purposes and/or failed in normal use, the knee assembly, including the cement, is subject to a redhibitory defect. Plaintiffs conclude that the circumstances whereunder the defect revealed itself permit no other conclusion, except that the defect was a defect in manufacture. Further, there is no credible evidence, nor even a credible suggestion, of any intervening event, act, or error, which might provide an alternative reason for the failure of the knee assembly.

Finally, Plaintiffs assert that the doctrine of *res ipsa loquitor* supports their arguments.

8

### c.      Defendants' Reply

Defendants reply that, although Plaintiffs contend that they do not have to prove a redhibitory defect because it may be inferred, the very cases Plaintiffs cite establish they are wrong.   In *Young*, 595 So. 2d at 1126, the Louisiana Supreme Court expressly stated that the buyer "must . . . prove the actual existence of [a redhibitory defect]." In *Moreno v. Lake Charles Cath. High Sch., Inc*., 315 So. 2d at 662, the Louisiana Supreme Court stated that the plaintiff must prove "that the product contained a hidden vice at the time of the sale." And in *Justiss Oil Company, Inc. v. Oil Country Tubular Corporation*, *supra*, both expert testimony and other evidence was used to prove the existence of a defect in the oil well casing pipe at issue. *See id*. (for example, expert tested threads of pipe from same batch as pipe at issue to prove defect and opined that defective pipe "would leak and would not hold pressure to certified level"; plaintiffs' test of pipe showed it would not hold pressure up to pipe specifications). Further, the *Justiss* defendants had conceded the jury's finding "by a preponderance of the evidence that the [pipe] was defective." *Id*. at 350.

Defendants also state that, simply put, "[t]he existence of a defect cannot be inferred solely from the fact that an accident happened," *Breaux v. Centrifuge Repair & Engineering L.P*., No. 13-00245, 2015 WL 2084680, at *3 (W.D. La. May 4, 2015), as Plaintiffs suggest. Rather, a plaintiff "must prove the existence of a defect that caused the damages in question." *Atlantic Specialty Ins. Co. v. Porter, Inc*., No 15-570, 2016 WL 6833082, at *7 (E.D. La. Nov. 21, 2016) (emphasis added); *see also Dawson Farms LLC v. BASF Corp*., No. 06-0737, 2008 WL 2222214, at *3 (W.D. La. May 16, 2008) (mere fact that a product did not last as long as the buyer expected is not a redhibitory defect); *Grenier v. Med. Eng'g Corp*, 243 F.3d 200 (5th Cir. 2001) ("MEC pointed out that a redhibition claim requires a showing of some vice or defect in

the thing sold and that Grenier had failed to submit evidence on the alleged defects in MEC's breast implants. Because she presented no competent evidence of a defect, Grenier's redhibition claim is without merit.") (granting summary judgment).

Defendants further urge that Plaintiffs have the burden to "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence supports [the] claim" for redhibition. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment standard). Yet in their opposition, according to Defendants, Plaintiffs' central arguments are that they have no burden of proof on any element of the redhibition claim – from the very existence of a redhibitory defect (which Plaintiffs wrongly suggest can be inferred) all the way to competent evidence of legal causation (which Plaintiffs wrongly suggest can be established without specific evidence connecting the purported defect to any damages). Defendants state that Louisiana law, as applied by numerous courts, establish that Plaintiffs are wrong in their suggestions. Because Plaintiffs have failed to come forward with "specific evidence in the record" to support their claim, Defendants assert they are entitled to summary judgment.

### d.    Court's Ruling

#### i.    Redhibition

The Court finds that Plaintiffs have not carried their burden of proving a genuine issue of material fact for trial.

First, regardless of whether a court may infer a redhibitory defect from the fact that the object of the sale failed in normal use and failed to achieve its intended purpose, Plaintiffs have not provided sufficient summary judgment evidence that the SmartSet cement failed in normal use or failed to achieve its intended purpose.   Although Plaintiffs state that "Dr. Randell found complete failure of the Smartset bone cement used to bond the device with the tibial or lower

component of the device," they cite no place in the record where Dr. Randell actually said that.

What Dr. Randell did say is:

> When it comes to loosening, it really depends on a lot of different things. That's one of the -- aseptic loosening, it's hard to pin down why these patients get loose. It could be bone quality. It could be, you know, a patient has osteoporosis. It could just be that the bond cement didn't -- didn't, you know, adhere to the patient, or the patient did something that caused that bone cement interface to release.

[Dr. Timothy Randell Deposition, Doc. No. 25-3, p. 29].

Dr. Randell also testified:

> Now, what caused the implant to not be well fixed? I don't know. And I wouldn't want to speculate at all about what would cause it not to be well fixed.

[Dr. Randell Deposition, Doc. No. 27-3, p. 50].

Dr. Trettin, Ms. Phillips' implanting surgeon, and Dr. Randell, Ms. Phillips' revising surgeon, testified that SmartSet cement has an "excellent clinical track record." [Dr. David Trettin Deposition, Doc. No. 27-7, p. 12; Dr. Randell Depo., Doc. No. 27-3, p. 22]. As to the specific lot (or "batch") of cement used in Ms. Phillips' case, Dr. Trettin did not observe any defect in the bone cement during the surgery. [Dr. Trettin Deposition, Doc. No. 27-7, p. 26].

In addition to not identifying any specific evidence of a defect in the SmartSet cement, Plaintiffs have failed to identify specific evidence in the record on the other elements of a redhibition claim.   For example, Plaintiffs have not identified specific evidence in the record that any alleged defect was hidden, as required under La. Civ. Code article 2520. Defendants, on the other hand, presented specific evidence that both of Ms. Phillips' treating surgeons testified that loosening leading to a revision, as Ms. Phillips experienced, is a known risk of knee

replacement surgery.  [Dr. Trettin Deposition, Doc. No. 27-7, p. 18; Dr. Randell Deposition, Doc. No. 27-3, p. 99].

Further, Ms. Phillips' treating surgeons testified that revision surgery, including loosening of the implant, can happen without fault and in the absence of any defect in the medical device. [Dr. Trettin Depo. Doc. No. 27-7, p. 10; Dr. Randell Depo., Doc. No. 27-3, pp. 28, 78, 88, 99.].

To the extent Plaintiffs rest their claim on the doctrine of *res ipsa loquitor*, that doctrine does not apply to a redhibition claim. *Atlantic Specialty Ins. Co. v. Porter, Inc*., No. 15-570, 2016 WL 6833082, at *9 (E.D. La. Nov. 21, 2016) (*res ipsa loquitor* "is not applicable to plaintiffs' redhibition claim"); *Lawson v. Mitsubishi Motor Sales, Inc*., 938 So. 2d 35, 48 (La. 2006); *Breaux v. Centrifuge Repair & Engineering L.P*., Civil Action No. 2:13-CV-00245, 2015 WL 2084680, at *3 (W.D. La. May 4, 2015) ("The existence of a defect cannot be inferred solely from the fact that an accident happened.") (citations omitted).  *See also Reddick v. Medtronic, Inc.*, No. 18-8568, 2021 WL 798294, at *13 (E.D. La. Mar. 2, 2021) (rejecting application of *res ipsa loquitor* "[m]edical devices might fail for a variety of reasons that do not constitute the manufacturer's negligence–such as poor surgical techniques or body rejection.")

With no proof of a redhibitory defect, Plaintiffs' redhibition claim fails.

### ii.    Causation

Assuming *arguendo* that Plaintiffs have produced summary judgment evidence of a defect, Plaintiffs have nevertheless failed to establish causation.  Plaintiffs have no expert evidence that any as-of-yet-unidentified defect in SmartSet cement was the legal cause of Ms. Phillips' injuries. Plaintiffs' expert reports were due February 7, 2021, following two extensions of that deadline. Plaintiffs provided no expert reports, and, therefore, will be unable to introduce

any expert testimony at trial. *See Campo v. State Farm Fire & Cas. Co*., No. 06-2611, 2007 WL 2710817, at * 2 (E.D. La. Sept. 12, 2007) (striking expert witnesses for failure to comply with the Court's order).

Neither of Ms. Phillips' treating doctors testified that there was a defect in the SmartSet cement, the RP Knee, or the CAS, or that a purported defect was the cause of her injuries. [Dr. Trettin Depo., Doc. No. 27-7, p. 24; Dr. Randell Depo., Doc. No. 27-3, p. 80]. Without expert testimony, Plaintiffs cannot prove causation in this medical device case. Under Louisiana law, "[u]nless a product or product feature is 'relatively uncomplicated . . . such that a layman could readily grasp it," which medical devices are not, "expert testimony is required to prove causation in a products liability lawsuit." *Shepard v. Johnson & Johnson*, No. 17-1604, 2019 WL 5585001, at *4 (W.D. La. Oct. 29, 2019) (granting summary judgment where there was no expert testimony on causation in medical device litigation); *Stewart v. Capt'l Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017); *Rhodes v. Bayer Healthcare Pharm. Inc*., No. 10-1695, 2013 WL 1282450, at *2 (W.D. La. Mar. 28, 2013) ("Plaintiffs have no expert evidence to establish an essential element of their claims, that is, [plaintiff]'s resulting injury was caused by [defendant]'s product . . . .').

Here, Plaintiffs have produced little other than their own self- serving testimony in support of their argument as to causation. *See Royal Fiberglass Pools, Inc. v. Poly Solns., Inc.,* 06-1666, 2008 WL 11479251, at *4 (W.D. La. Jan. 28, 2008) (dismissing redhibition claim where plaintiff failed to come forward with anything other than self-serving allegations on defect and causation).

The summary judgment evidence establishes (a) that Ms. Phillips experienced a known and understood risk of knee implant surgery, i.e., loosening; and, (b) that there is a risk of

loosening "even if the implant is well designed, the patient is compliant, [and] the doctor does everything appropriately." [Dr. Randell Depo., Doc. No. 27-3, p. 99] (agreeing in general). Therefore, at most, the evidence shows that Ms. Phillips experienced a known and expected risk associated with total knee replacement, and not a personal injury caused by any alleged defect in a product. Without adequate proof of causation, Defendants are entitled to summary judgment on all of Plaintiffs' claims.[2]

### 2.    Plaintiffs' Motion for Partial Summary Judgment

As indicated above, Plaintiffs seek judgment as a matter of law (1) that their action under Louisiana law in redhibition has not been preempted by federal law, and, (2) that they are entitled to recover nonpecuniary damages. However, the Court's ruling granting Defendants' Motion for Summary Judgment renders Plaintiffs' motion moot.  Accordingly, Plaintiffs' motion is DENIED AS MOOT.

## III.   CONCLUSION

For the reasons set forth above, the Cross Motion for Summary Judgment filed by Defendants Medical Device Business Services, Inc., and DePuy Synthes Sales, Inc. [Doc. No. 27] is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE.    Further, the Motion for Partial Summary Judgment filed by Plaintiffs Clifford Phillips and Linda Bailey Phillips ("Plaintiffs") [Doc. No. 25] is DENIED AS MOOT.  Additionally, the pending Motion in Limine filed by Defendants [Doc. No. 35] is DENIED AS MOOT.

**Monroe, Louisiana,** this 10th day of May, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] Having so ruled, the Court need not consider Defendants' alternative motion for summary judgment limiting Plaintiffs' damages under Louisiana law of redhibition.